IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02027-WYD-PAC

THE ESTATE OF BRADLEY J. BRIGGS, by and
through Tresea Briggs, Personal Representative; and
TRESEA BRIGGS, individually,

    Plaintiffs,

v.

LARIMER COUNTY SHERIFF'S DEPARTMENT;
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Colorado Corporation;

    Defendants.

## ORDER

THIS MATTER comes before the Court on the following motions: (1) Defendant Correctional Healthcare Management, Inc.'s Motion for Summary Judgment [# 101], filed February 5, 2007 and (2) Defendant Larimer County Sheriff's Department's Motion for Summary Judgment [# 102], filed February 6, 2007.  After reviewing these motions as well as the responses and replies, I find that Defendant Correctional Healthcare Management, Inc.'s Motion for Summary Judgment should be granted and Defendant Larimer County Sheriff's Department's Motion for Summary Judgment should be denied.  My analysis is set forth below.

**I.**    **BACKGROUND**

Plaintiffs' Second Amended Complaint asserts the following Colorado state law claims: (1) breach of the duty of safekeeping resulting in death pursuant to Colo. Rev.

Stat. §17-26-103 and § 30-10-511 against the Defendant Larimer County Sheriff's Department and (2) negligence and wrongful death against both Defendant Larimer County Sheriff's Department and Defendant Correctional Healthcare Management, Inc. ("CHM").

By way of background, this case arises out of the death of Bradley Briggs during his incarceration at the Larimer County Detention Center. On or about November 28, 2003, Bradley Briggs was taken into police custody and placed in the Larimer County Detention Center in Ft. Collins, Colorado. (Second Am. Compl. ¶¶ 7-8.) The Larimer County Sheriff's Department implemented policies and procedures addressing suicide prevention and intervention and these policies were in effect during the period of Mr. Briggs' incarceration. Once such policy describes levels of mental health observation to be implemented when an inmate is to be considered a suicide risk. (Ex. A, pp. 3-8.) Pursuant to this policy, on November 29, 2003, Mr. Briggs underwent a mental health evaluation by medical personnel at the Larimer County Detention Center, and it was determined that Mr. Briggs was to be placed on a suicide watch. (Second Am. Compl. ¶ 8.) Mental health employees placed Mr. Briggs on suicide watch and directed that he be housed and watched accordingly. (Second Am. Compl. ¶ 9.) The suicide watch is performed by the officer(s) where the inmate is housed, and it may be terminated or decreased by mental health personnel only. (Ex. A, p. 3, ¶ 4.) During his incarceration, Mr. Briggs met with mental health counselors. He progressed through the watches, and his emotional instability watch was eventually lowered by mental health personnel to a Level 4. (Ex. A, p. 7; Ex. B; Ex. C.) While an inmate is on a

Level 4 watch, he is observed every thirty minutes during the night only.  (Ex. A, p. 7.)

Sandra Crenshaw and Theresa Shepherd are both licensed practical nurses who were employed by CHM and worked in the Larimer County Detention Center during Mr. Briggs' incarceration in November and December of 2003.  (Ex. D; Ex. E.)  Ms. Crenshaw and Ms. Shepherd each submitted an inmate behavior report requesting that Mr. Briggs be given a plastic bag to be used while he showered to protect a wound on his arm from infection.  (Second Am. Compl. ¶ 10; Ex. D, pp. 37-42; Ex. E, pp. 12, 25-28.)  Copies of inmate behavior reports were given to the mental health personnel and the officers employed by Larimer County.  (Ex. D, pp. 37-42; Ex. E, pp. 12, 25-28.)  On December 14, 2003, Mr. Briggs committed suicide by placing the plastic bag around his neck with the rubber band.  (Second Am. Compl. ¶ 11.)

The Plaintiffs filed their original Complaint on October 13, 2005.  The original Complaint did not name CHM as a Defendant.  On April 10, 2006, the Plaintiffs filed a Motion to Amend the Complaint in order to add the following as Defendants: CHM, Sandra Crenshaw and Theresa Shepherd.  On April 13, 2006, Magistrate Judge Coan granted Plaintiffs' Motion for Leave to Amend Complaint, and the Amended Complaint was filed on April 12, 2006.  Plaintiffs' Amended Complaint asserted claims under 42 U.S.C. § 1983 and assorted Colorado state law causes of action against the Defendants.  On February 16, 2007, the Plaintiffs filed a second Motion to Amend the Complaint which effectively withdrew the §1983 claims and dismissed James A. Alderen, Sandra Crenshaw, and Theresa Shepard as Defendants.  On March 26, 2007, I granted Plaintiffs' second Motion to Amend and accepted Plaintiffs' Second Amended

Complaint for filing. I further elected to exercise supplemental jurisdiction over Plaintiffs' remaining state claims.

## II.     ANALYSIS

### A.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for summary judgment must be evidence that is admissible at trial. "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). "Hearsay testimony cannot be considered because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill."

*Id.* (internal citations omitted).  Further, under Rule 56(e), evidence offered in opposition to a motion for summary judgment must be "'made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the witness is competent to testify to the matters' set forth therein."  *Id.*

### B.      Defendant CHM's Motion for Summary Judgment [# 101]

Defendant CHM states that Plaintiffs' claim against it "apparently stems from CHM's employees request that Mr. Briggs be given a plastic bag to cover a wound on his arm."  (CHM's Mot. at 2.)  Defendant CHM requests that summary judgment be entered on the claims against it because: (1) Plaintiffs' claims are barred by the applicable statute of limitations and (2) Plaintiffs failed to designate a standard of care expert to establish CHM's alleged negligence.  (CHM's Mot. at 2.)

#### 1.      Whether Summary Judgment is Proper on Plaintiffs' Second Claim for Relief: Negligence.

Upon amending their Complaint, Plaintiffs asserted one claim for relief against Defendant CHM of negligence for wrongful death under the doctrine of respondeat superior.  (Am. Compl. ¶¶ 20-25.)  Defendant CHM argues that this claim must be dismissed as it is barred by the applicable statute of limitations under Colorado law. Colo. Rev. Stat. § 13-80-102 reads in pertinent part:

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:
>
> (a) Tort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract; except that

>this paragraph (a) does not apply to any tort action arising out of the use or operation of a motor vehicle as set forth in section 13-80-101(1)(n) . . .
>
>(d) All actions for wrongful death . . .

Colo. Rev. Stat. § 13-80-102.  Thus, the two-year statue of limitations is applicable to Plaintiffs' claim of negligence for wrongful death against Defendant CHM.

Under Colorado law, "[a] cause of action for wrongful death shall be considered to accrue on the date of death."  Colo. Rev. Stat. § 13-80-108(2).  In the instant case, Mr. Briggs died on December 14, 2003.  Thus, the Plaintiffs were required to file their wrongful death action against CHM by December 14, 2005.  However, the claim against CHM was not asserted until April 13, 2006.  In fact, in their Response, the Plaintiffs concede that the applicable statute of limitations expired on December 14, 2005.  (Pls.' Resp. at 4.)  However, the Plaintiffs argue that their claim against CHM is not untimely because it relates back to the original Complaint, which was filed on October 13, 2005.  Under Fed. R. Civ. P. 15, an amended complaint relates back to the date of the original complaint when:

>(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
>(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

The issue before me is whether, for purposes of tolling the two-year applicable statute of limitations, the Amended Complaint, naming CHM as a Defendant, relates back to the date of the filing of the original Complaint against the Larimer County Sheriff's Department under Fed. R. Civ. P. 15(c). While the Amended Complaint had the effect of adding CHM as a Defendant to this action, it did not necessarily toll the statute of limitations which had run before the Amended Complaint was filed. If the amendment does not relate back, the claim against CHM is barred.

The Plaintiffs argue that the omission of CHM as a Defendant in the original Complaint was the result of a mistake. Plaintiffs further argue that Defendant CHM knew or should have known of the existence of the action and should have known that CHM would be named as a Defendant, but for the original mistake in identity. The Tenth Circuit has held that corrections of mistakes are permitted under Fed. R. Civ. P. 15(c). *Travelers Indem. Co. v. United States of America for the use of Construction Specialties Co.*, 382 F.2d 103, 106-07 (10th Cir. 1967). In *Travelers*, the Tenth Circuit permitted a plaintiff who had filed an action against the Travelers Insurance Company to amend his complaint and substitute the Travelers Indemnity Company as the defendant because there was an identity of interest between the insurance companies. Travelers Insurance was the parent company of Travelers Indemnity and the two companies had the same managers, directors, and shared an office.

Turning to the case at hand, the instant facts are not analogous to *Travelers*. First, there is no evidence that CHM and the Larimer County Sheriff's Department have

an identity in interest. They are neither headquartered together, nor directed by the same people. CHM provides contractual healthcare services for inmates incarcerated in state and local jails and correctional facilities, including but not limited to the Larimer County Detention Center. (Am. Compl. ¶ 8.) Second, CHM was never mistakenly named or served as a Defendant in the original Complaint. Instead, CHM was added as a Co-Defendant along with the original named Defendant, the Larimer County Sheriff's Department, in the Amended Complaint. Third, CHM states that it did not receive notice of the suit until the filing of the Amended Complaint. The Tenth Circuit has held that "[t]he addition or substitution of parties who had no notice of the original action is not allowed." *Graves v. General Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969). The addition of a new party creates a new cause of action which undermines the underlying purpose of a statute of limitations. *Id.* The effect of adding CHM as a Defendant in the Amended Complaint "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." *Id.* at 586. Accordingly, I find that Plaintiffs' addition of Defendant CHM in the Amended Complaint does not relate back to the original Complaint. Therefore, the claim against Defendant CHM is barred by the applicable statue of limitations and should be dismissed. As such, Defendant CHM's motion for summary judgment should be granted. In light of my findings, I need not address Defendant CHM's argument regarding Plaintiffs' alleged failure to designate a standard of care expert.

## C. Defendant Larimer County Sheriff's Department's Motion for Summary Judgment [# 102]

As previously stated, the Plaintiffs have alleged the following claims against Defendant Larimer County Sheriff's Department: (1) breach of the duty of safekeeping resulting in death pursuant to Colo. Rev. Stat. §17-26-103 and § 30–10-511 and (2) negligence.  Defendant Larimer County Sheriff's Department requests that summary judgment be entered on the claims against it because: (1) the statutes in question do not provide a separate enforceable statutory civil remedy and (2) the claims are barred by the applicable statute of limitations for claims against the Sheriff.  (Larimer County's Mot. at 4.)

### 1. Whether Summary Judgment is Proper on Plaintiffs' First Claim for Relief: Breach of the Duty of Safekeeping Resulting in Death Pursuant to Colo. Rev. Stat. §17-26-103 and § 30–10-511.

First, the Larimer County Sheriff's Department argues that the first claim for relief should be dismissed because there is no private right of action implied in the statutes cited by the Plaintiffs.  The Plaintiffs assert, on the other hand, that while the statutes in question do not specifically provide for a civil remedy, the first claim for relief is based on a theory of negligence.  (Second Am. Compl. ¶¶ 12-15.)  In fact, paragraph 17 states in part: "Defendant Larimer County Sheriff's Department's officials, employees and agents were negligent and breached their duty in one or more of, but not limited to, the following ways . . . "  (Second Am. Compl. ¶ 17.)  Accordingly, I agree with Plaintiffs that the first claim for relief is based on a legally cognizable theory of negligence. Thus, summary judgment is not appropriate on Plaintiffs' first claim for relief at this time.

### 2. Whether Summary Judgment is Proper on Plaintiffs' Second Claim for Relief: Negligence

In the motion, the Larimer County Sheriff's Department argues that Plaintiffs' second claim for relief should be dismissed because it is barred by the one-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-103.  Colo. Rev. Stat. § 13-80-103(c) reads in pertinent part:

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:
>
> (c) All actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority;

Colo. Rev. Stat. § 13-80-103(c).  In *Gallegos v. City of Monte Vista*, 976 P.2d 299 (Colo. App. 1999), the Colorado Court of Appeals addressed the application of Colo. Rev. Stat. § 13-80-103(c).  The *Gallegos* Court held that, "an action against a public entity or public employee, generally, is subject to the two-year statute of limitations.  However, when the action is against a person described in § 13-80-103(c), it is subject to a one-year limitations period." *Id.* at 301.  The Court further concluded that "for an action brought against the public entity that is based on the actions of one of the listed individuals, the two-year limitations period in § 13-80-102(1)(h), rather that the one-year period contained in § 13-80-103(c), is controlling." *Id.* at 303.

In the case at hand, the Plaintiffs' claims for relief are brought against the

Larimer County Sheriff's Department, not any individuals.[1] The claims are based on the actions of individual officers on a theory of respondeat superior. Therefore, according to the holding in *Gallegos*, I find that the two-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-102 applies to Plaintiffs' claims as they are asserted against a public entity and not against any named law enforcement individuals. Accordingly, I find that the Larimer County Sheriff's Department's motion for summary judgment should be denied.

### III.   CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant Correctional Healthcare Management, Inc.'s Motion for Summary Judgment [# 101], filed February 5, 2007 is **GRANTED** and Plaintiffs' claims against Defendant Correctional Healthcare Management are **DISMISSED WITH PREJUDICE.** It is

FURTHER ORDERED that Defendant Larimer County Sheriff's Department's Motion for Summary Judgment [# 102], filed February 6, 2007 is **DENIED.**

Dated: July 26, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

---

[1] Sheriff James Alderen was dismissed from this action in his individual and official capacities with the filing of the Second Amended Complaint.

-12-