IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02027-WYD-PAC

THE ESTATE OF BRADLEY J. BRIGGS, by and
through Tresea Mulqueen, Personal Representative; and
TRESEA MULQUEEN, individually,

    Plaintiffs,

v.

LARIMER COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

---

### ORDER

---

THIS MATTER is before the Court on Defendant's Motion to Reconsider Order on Motion for Summary Judgment (docket #157), filed August 10, 2007. This motion asks that the Court reconsider its Order of July 26, 2007. That Order denied Defendant's motion for summary judgment because I determined that the Plaintiff's first claim for relief was based on a legally cognizable theory of negligence, thus, summary judgment was not appropriate on Plaintiff's first claim for relief. I further denied Defendant's motion for summary judgment because I determined that the two-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-102 applied to Plaintiffs' claims as they are asserted against a public entity and not against any named law enforcement individuals. Defendant's Motion to Reconsider only addresses my Order with respect to the statute of limitations issue.

Turning to my analysis of Defendant's Motion to Reconsider, there are three

major grounds that justify reconsideration of a motion under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted).  Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete*, 204 F.3d at 1012.  Such a motion is committed to the trial court's discretion.  *See Phelps*, 122 F.3d at 1324.

In the case at hand, Defendant has not advanced any change in the law or newly discovered evidence.  Moreover, it has not shown any clear error in the Court's ruling.  Finally, it has not shown that the Court misapprehended the facts, the parties' positions or controlling law.  Accordingly, I find that the Motion to Reconsider is not proper.  *See Servants of the Paraclete*, 204 F.3d at 1012 (a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

Based upon the foregoing, it is

ORDERED that Defendant's Motion to Reconsider Order on Motion for Summary Judgment (docket #157), filed August 10, 2007, is **DENIED**.

Dated: August 27, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge