IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02027-WYD-KLM

TRESEA MULQUEEN, individually,

    Plaintiff,

v.

LARIMER COUNTY SHERIFF'S DEPARTMENT

    Defendant.

_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter comes before the Court on the **Defendant Larimer County Sheriff's Department's Motion to Compel** [Doc. No. 137; Filed June 14, 2007] (the "Motion").

The Motion is **GRANTED** as specified below.

The Plaintiff contends that the federal common law of privilege applies to this case as jurisdiction originally arose under 28 U.S.C. § 1331. There is a dearth of case law addressing the issue of whether the federal or state law of privilege applies when, as in this case, original filling occurred in federal court, pursuant to 28 U.S.C. § 1331, the federal claim was dismissed, and the court exercised supplemental jurisdiction over the state law claims. However, under the plain language of F.R.E. 501, "in civil actions and proceedings, with respect to an element of a claim or defense as to which *State law*

1

*supplies the rule of decision,*" state privilege law applies (emphasis provided). In this case, as the rules of decision regarding the Plaintiff's claims for wrongful death and negligence are supplied by Colorado law, the Colorado law of privilege should apply.

At issue here are copies of treatment logs made by the Plaintiff's mental health therapist, Dr. Larry Denmark, which have been withheld from disclosure. In Colorado, the psychotherapist-patient privilege is codified at C.R.S. § 13-90-107(1)(g), which states, in relevant part, "A licensed psychologist . . . shall not be examined without the consent of . . . [the] client as to any communications made by the client. . . ." Once this privilege attaches, it prohibits in-court testimony as well as pretrial discovery of information within the scope of the privilege. *Johnson v. Trujillo*, 977 P.2d 152, 155 (Colo. 1999). Finally, once the privilege has attached, the only basis for allowing a disclosure of the confidential information is an express or implied waiver. *Id.*

Waiver is "a form of consent to disclosure which must be justified by an evidentiary showing . . . ." *People v. Turner*, 109 P.3d 639, 645 (Colo. 2005). Waiver is defined as the voluntary relinquishment of a known right or entitlement with the intent of abandoning that right. *Murray v. Montgomery Ward Life Ins. Co.*, 38 Colo. App. 498, 501 (Colo. App. 1977).

On November 1, 2006, the Plaintiff signed and notarized a "Release of Medical Records" for any "psychological records, psychiatric records, test results, reports, documents, materials, correspondence, memoranda, and any and all of my records pertaining to mental care, diagnosis, prognosis, history, condition, treatment or expense"

that were in the possession of Dr. Larry Denmark. *Defendant's Motion*, Ex. B. This release states that Plaintiff "specifically waive[d] any privilege or confidential communication . . . ." *Defendant's Motion*, Ex. B. This release executed by the Plaintiff constitutes an express waiver of her psychotherapist-patient privilege, as it demonstrates both her knowledge of the existing right and her intention of abandoning it. *Murray*, 38 Colo. App. at 501. The Plaintiff has argued that "no waiver has occurred as to any of Dr. Denmark's therapy notes relating to sessions occurring prior to December 3, 2003." *Plaintiff's Response*, p.5. However, the waiver as executed contains no such temporal limitation.

The "Release of Medical Records" also purports to waive "any privilege or confidential communication between . . . [Plaintiff's] family and any physicians who have examined or treated [them] . . . ." *Defendant's Motion*, Ex. B. Indeed, the treatment records sought by the Defendants appear to contain notes from the marital counseling provided to the Plaintiff and her husband at the time. Any communications between Dr. Denmark and the Plaintiff's ex-husband remain privileged. To the extent this release purports to waive this privilege, it is invalid, as the patient alone holds the privilege. *Trujillo*, 977 P.2d at 154. There is no evidence to indicate that the Plaintiff's ex-husband has waived his psychotherapist-patient privilege. Therefore, any treatment records which pertain to the ex-husband, identified as "Bob" in the notes, will be protected by the Court.

IT IS HEREBY ORDERED that the Plaintiff shall immediately ascertain which of the withheld treatment notes of Dr. Denmark pertain solely to the Plaintiff and which pertain

to her ex-husband.  Those notes containing information pertaining to the ex-husband are to be redacted. The remainder of the treatment notes are to be immediately disclosed.

                                      BY THE COURT:
                                        __s/ Kristen L. Mix_____
                                        United States Magistrate Judge

Dated: September 14, 2007